```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

CARL GALLO, JR. #B-18014,       )
                                )
                 Plaintiff,     )
                                )
     v.                         )      No. 08 C 6974
                                )
PARTHA GHOSH, et al.,           )
                                )
                 Defendants.    )
```

## MEMORANDUM ORDER

Carl Gallo, Jr. ("Gallo") has just brought a 42 U.S.C. §1983 ("Section 1983") action against Stateville Correctional Center ("Stateville") Medical Director Partha Ghosh, charging him with major and repeated violations of Gallo's right to medical care that are cognizable under <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and the almost innumerable decisions that have followed <u>Estelle</u>'s teaching in the three decades since then.  Gallo has accompanied his Complaint with an In Forma Pauperis Application ("Application"), using the form supplied by this District Court's Clerk's Office, with the Application being accompanied in turn by a six-month printout of the transactions in his trust fund account at Stateville (where he is in custody), as required by subsection (a)(2) of 28 U.S.C. §1915 ("Section 1915").  Because consideration of a request for in forma pauperis treatment requires a judicial inquiry into both (1) plaintiff's poverty level and (2) plaintiff's assertion of a non-frivolous claim in legal terms, this memorandum order will deal with those matters

in that sequence.

Unfortunately the Application form calls for a certification by the appropriate official at a custodial institution only in terms of a prisoner's average monthly <u>deposits</u> during the relevant six-month period.  Hence this Court has had to calculate the weighted average of the <u>balance</u> in Gallo's account during that same six-month period (the alternative specified in Section 1915(b)(1)(B)), and that calculation has produced the higher figure of $106.99, to which the 20% multiplier must be applied to set the initial partial filing fee under Section 1915(b)(1).

That being the case, the required initial payment on account of the $350 filing fee comes to $21.40, and a copy of this memorandum order is being sent directly to the Stateville trust fund officer with instructions to remit that initial payment forthwith.  That and all later payments provided for in this memorandum order must be made payable to the "Clerk of the District Court,"  must clearly identify Gallo's name and carry this case number (08 C 6974) and must be sent to this address:

>  219 South Dearborn Street
>  20th Floor
>  Chicago IL 60604
>
>  Attention:  Fiscal Department

After such payment, the trust fund officer at Stateville (or at any other correctional facility where Gallo may hereafter be confined) is authorized to collect monthly payments from his

2

trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

Now to the substance of Gallo's allegations, which this Court must credit unless they are so outre as to fail to meet the test of non-frivolousness as set out in Neitzke v. Williams, 490 U.S. 319, 325 (1989) and Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In this instance Gallo not only portrays Ghosh as a poster child for an Eighth Amendment charge that clearly qualifies under Estelle and its progeny, but those allegations are supported by chapter-and-verse materials--allegations and exhibits that reflect Ghosh's flouting of orders for medication and treatment that were prescribed for Gallo by a gastrointestinal specialist at the University of Illinois. In candor--although this Court of course makes no findings at this threshold stage, when it has in hand only Gallo's allegations and the attached exhibits--it appears not only possible but likely that Dr. Ghosh has been guilty of egregious misconduct that may bring into question his suitability to fill the position of Medical Director.[1]

---

[1] As sheer chance would have it, just one day before receiving Gallo's Complaint this Court had received a motion to dismiss that targets the First Amended Complaint in another

3

In sum, this Court grants Gallo's Application and is contemporaneously issuing its initial scheduling order in this case. Under the circumstances, however, this Court would be remiss if it did not transmit a copy of this memorandum order to the Illinois Attorney General's Office with a request that it look into the situation at Stateville's medical facility with a view to reporting on the matter at or before that initial status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 8, 2008

---

Section 1983 lawsuit on its calendar (<u>Martinez v. Garcia</u>, 08 C 2601), in which several nonmedical defendants in that action brought by another Stateville inmate seek their dismissal on the ground that all of the inaction ascribed to them was based on their reliance on Dr. Ghosh's handling of the prisoner's serious medical problem. Again this Court makes no substantive finding, for there too it has nothing before it but the inmate plaintiff's allegations, but the pattern of Dr. Ghosh's asserted conduct reflected there is disturbingly like the arbitrary conduct attributed to him by Gallo.

4