IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CARL GALLO, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. PARTHA GHOSH, LATANYA WILLIAMS, and WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 08 C 6974 <br><br> Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment. For the reasons stated herein, the Motion is granted in part and denied in part.

### I.  BACKGROUND

This case arises out of allegedly inadequate medical treatment by prison doctors. At all times relevant to this case, Plaintiff Carl Gallo, Jr. was incarcerated by the state of Illinois and confined at Stateville Correctional Center ("Stateville"). While there, he received medical treatment from Defendant Wexford Health Services, a prison contractor. Defendant Dr. Partha Ghosh ("Dr. Ghosh") was the Medical Director at Stateville. Defendant LaTanya Williams ("Williams") was a physician's assistant at Stateville. The facts recited herein are undisputed unless otherwise noted.

Plaintiff suffers from ulcerative colitis and gastro esophageal reflux disease. Plaintiff was transferred from another prison to Stateville in August 2006, and he first met with Dr. Ghosh on October 30, 2006. Dr. Ghosh, who lacked expertise in treating ulcerative colitis, referred Plaintiff to an outside specialist. Dr. Ghosh retained responsibility for prescribing medications.

Plaintiff saw that outside specialist on November 22, 2006. The specialist recommended that Plaintiff receive a colonoscopy and "start PPI (prevacid qd 30 mg)." "PPI" stands for "protein-pump inhibitor," a class of medications used to decrease the body's production of gastric acid. Prevacid is a PPI.

Five days later, Plaintiff returned to Dr. Ghosh, who noted and approved all of the specialist's findings and recommendations but did not write the prescription. On December 20, 2006, Dr. Ghosh prescribed Prilosec, a different but pharmacologically identical PPI. Prilosec is a "formulary" drug, which means that it is on an approved list of medications that patients can receive if prescribed. Prilosec is cheaper than Prevacid, a non-formulary drug. Wexford has a process by which physicians like Dr. Ghosh can request that Wexford approve a non-formulary drug.

The specialist performed a colonoscopy and endoscopy on December 27, 2006. The specialist recommended a trio of prescriptions: Prednisone and Mesalamine for Plaintiff's colitis,

and Prevacid for his esophagitis and duodenitis. Dr. Ghosh prescribed Prevacid on January 3, 2007, and two days later noted and approved all of the specialist's findings and recommendations. Plaintiff went back to the specialist on January 17, 2007, who this time recommended that Plaintiff receive steroids, proctofoam enemas, mesalamine, and Prevacid. Dr. Ghosh approved these recommendations, and it is reasonable to infer from the record that he wrote the prescriptions as well.

In his deposition, Plaintiff testified that he received the wrong medication after the January 17 appointment. Specifically, he says he was given proctofoam cream for hemorrhoids instead of the proctofoam enema for ulcerative colitis that was prescribed to him. He testified further that he could not take some of the medications he did receive – and that he sought alternatives – because the medications he was taking aggravated his symptoms.

Plaintiff sought help from Defendants so that he could get the correct medication, replace other medications that aggravated his symptoms, and relieve the severe pain and discomfort caused by his condition. Plaintiff raised his concerns by mailing letters to Dr. Ghosh, filing administrative grievances, and hand-delivering dozens of letters to medical staff, including Williams. Plaintiff testified that those letters and requests were ignored. Plaintiff's deposition testimony suggests that there may have been an unofficial policy of nurses ignoring requests in the "sick box."

Defendants, for their part, cannot recall any complaints, letters, or grievances. It took Plaintiff eight months to get back to see a doctor, at which point his treatment appears to have resumed. In his brief opposing the Motion for Summary Judgment, Plaintiff does not take issue with his treatment since August 2007.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Ricci v. DeStefano,* 557 U.S. 557, 586 (2009).

## III. ANALYSIS

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley,* 414 F.3d 645, 652-53 (7th Cir. 2005) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). Defendants do not contest the seriousness of Plaintiff's medical condition. The sole issue before the Court is whether Defendants acted with deliberate indifference.

The "deliberate indifference" inquiry requires a subjective analysis of whether "prison officials acted with a sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834

(1994). Deliberate indifference requires more than negligence, but a prisoner need not establish that officials intended or desired the harm that transpired. *Id.* at 835. Officials can be held liable only if they knew of and disregard a "substantial risk of harm to the inmate." *Greeno,* 414 F.3d at 653.

### A. Defendants Ghosh and Williams

Plaintiff's deliberate indifference claim against Defendants Ghosh and Williams stands on three legs: (1) the nearly one month delay in getting the PPI; (2) the prescription for Prilosec instead of Prevacid; and (3) the lack of response to his complaints about the need for different medications and follow-up treatment.

The length of delay in treatment that is tolerable "depends on the seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010). In one case, the Seventh Circuit held that a day and a half was too long of a delay in treatment for a painful broken nose. *Grieveson v. Anderson,* 538 F.3d 763, 778-80 (7th Cir. 2008). Similarly, a two-day delay in treatment for an open dislocated finger would be evidence of deliberate indifference. *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007). However, courts in this District have granted summary judgment for prison officials where "the record does not suggest that expedited [treatment] would have ameliorated [the Plaintiff]'s suffering or condition." *See*, *Thomas v. Clay,* No. 08-CV-4456, 2010 WL 2136663, at *10 (N.D. Ill. May 25, 2010).

The record reflects that Dr. Ghosh met with Plaintiff on November 27, five days after the specialist recommended that Plaintiff be prescribed a PPI. But it was not until December 20 that Dr. Ghosh wrote the prescription. It is reasonable to infer that Plaintiff's suffering would have been ameliorated if Dr. Ghosh had issued the prescription on November 27, instead of December 20. Defendants have presented no justification for the delay and no facts regarding the ease or difficulty of providing that prescription at the November 27 appointment. Meanwhile, Plaintiff was suffering from a painful condition that caused him severe discomfort. A reasonable jury could view this delay as evidence of Dr. Ghosh's deliberate indifference to Plaintiff's serious medical need. On this issue, the Motion for Summary Judgment is denied.

Plaintiff argues that Dr. Ghosh displayed deliberate indifference when he prescribed Prilosec instead of Prevacid. As mentioned above, Prilosec and Prevacid are both PPIs, but Prilosec is cheaper than Prevacid, and Dr. Ghosh must go through a special approval process with Wexford to prescribe Prevacid. Plaintiff argues that the specialist recommended Prevacid specifically, but Defendants insist that the specialist mentioned Prevacid as just an example of a PPI.

Medical professionals are entitled to deference in treatment decisions unless the decision at issue was a substantial departure from accepted professional practice. *Sain v. Wood,* 512 F.3d 886,

894-95 (7th Cir. 2008). Even accepting Plaintiff's interpretation of the specialist's note, Plaintiff has not established that Dr. Ghosh departed from accepted professional practice when he prescribed Prilosec instead. Plaintiff did establish that some patients experience minor side effects to some PPIs but not to others, but Plaintiff fails to show that such different reactions could be anticipated by a prescribing doctor. Plaintiff bears this burden because it is an issue on which he would have the burden at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

Moreover, this Court has not been presented with evidence that Prevacid and Prilosec are materially different, such that prescribing one over another would amount to a showing of deliberate indifference. To the contrary, Plaintiff's own expert testified that the two drugs are "pharmacologically identical." Defs.'s L.R. 56.1 St. of Facts, Ex. D at 55. This Court discerns no genuine dispute as to whether Dr. Ghosh was deliberately indifferent when he prescribed Prilosec instead of Prevacid. As to this issue, the Defendants' Motion for Summary Judgment is granted.

The evidence that Defendants ignored numerous letters and administrative complaints is perhaps Plaintiff's strongest indication of deliberate indifference, particularly when viewed in the light most favorable to Plaintiff as the non-moving party. Plaintiff used every channel he could, both official and unofficial, and still had difficulty garnering attention and

obtaining the correct medication.  If Plaintiff received the wrong medication, Defendants should have acted swiftly to rectify that problem.  At the very least, these facts present a genuine dispute as to whether Defendants knew of and disregarded a substantial risk of harm to Plaintiff.  On this issue, the Motion for Summary Judgment is denied.

Defendants point to considerable evidence that Plaintiff received adequate medical treatment.  Plaintiff does not appear to dispute that, on many occasions, that was the case.  But Plaintiff can prove an Eighth Amendment violation through isolated incidents of inadequate treatment rising to the level of deliberate indifference.  Indeed, "a prisoner is not required to show that he was literally ignored." *Sherrod v. Lingle,* 223 F.3d 605, 611 (7th Cir. 2000).  Plaintiff provides enough evidence for a reasonable fact finder to conclude that Defendants were "deliberately indifferent" to Plaintiff's medical needs.  As to Defendants Ghosh and Williams, the Motion for Summary Judgment granted with respect to Dr. Ghosh's decision to prescribe Prilosec instead of Prevacid, but denied as to the other issues raised.

## B.  Defendant Wexford

Plaintiff seeks to hold Wexford, a corporate defendant, liable for its policies and practices that led to the constitutional violation.  In particular, Plaintiff points to Wexford's failure to establish systems to ensure that medications got to patients once

they were prescribed. The weight of authority suggests that corporations can be held liable under § 1983. In this case, a § 1983 claim against a corporation is analogous to a § 1983 claim brought against a municipality because the corporation is standing in the government's shoes to carry out a government program. *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 & n.13 (10th Cir. 2003) (collecting cases). Thus, a corporate entity acting under color of law violates a detainee's constitutional rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. Turbin v. Cnty. of Wood,* 226 F.3d 525, 530 (7th Cir. 2000).

Plaintiff suggested in his deposition that there may have been an unofficial policy of nurses ignoring requests in the "sick box." Pl.'s L.R. 56.1 St. of Facts, Ex. G at 16-17. If that were not enough, Plaintiff need not establish that actions were taken pursuant to an official policy. Rather, it is sufficient to

> show[] a series of bad acts and invit[e] the court to infer from them that the [Defendant] was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers.

*Estate of Novack ex rel. Turbin,* 226 F.3d at 531.

Plaintiff has provided evidence that his persistent complaints, letters, and administrative grievance filings were

ignored. Such misconduct on the part of Wexford's "subordinate officers" could constitute a "series of bad acts" from which a fact finder could infer that Wexford "must have encouraged or at least condoned, thus in either event adopting" that misconduct. *Id.* Thus there remains a genuine dispute as to whether Wexford participated in any constitutional violation by condoning an unofficial policy of ignoring sick box requests or by failing to correct misconduct that it was bound to have known about. As to Defendant Wexford, the Motion for Summary Judgment is denied.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Defendants' Motion for Summary judgment is granted in part and denied in part.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: October 10, 2013